UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                             :

UNITED STATES OF AMERICA:
                             :

    - v. –                        :                    13 Cr. 115 (RA)

                             :

JAMES TAGLIAFERRI,
                             :

            Defendant.
                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x


## GOVERNMENT'S REQUESTS TO CHARGE


                                            PREET BHARARA
                                            United States Attorney for the
                                            Southern District of New York
                                            Attorney for the United States of America

Jason H. Cowley
Parvin Moyne
Assistant United States Attorneys
Saima Ahmed
Special Assistant United States Attorney

      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                                         :

UNITED STATES OF AMERICA:

                                                         :

   - v. –                                   :               13 Cr. 115 (RA)

JAMES TAGLIAFERRI,

                                                        :

               Defendant.

                                                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## **GOVERNMENT'S REQUESTS TO CHARGE**

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests the Court to include the following in its charge to the jury.  The

Government anticipates seeking the return of a superseding indictment in this matter prior to the

start of trial.  These proposed instructions anticipate the charges to be included in a superseding

indictment, including a total of fourteen counts, as opposed to fifteen counts, being alleged.

## TABLE OF CONTENTS

**Page**

General Requests ........................................................................................................1

The Indictment ..........................................................................................................2

Summary of Indictment ............................................................................................3

Count One: The Indictment and the Statute.............................................................5

Count One: Investment Adviser Fraud – Statutory Purpose…………………………………... 6

Count One: Investment Adviser Fraud – Fiduciary Duty…………………………...………… 8

Count One: Investment Adviser Fraud – Elements of the Offense………………………..… 9

Count One: Investment Adviser Fraud – First Element: Defendant Was an Investment Adviser.10

Count One: Investment Adviser Fraud – Second Element: Scheme to Defraud. .........................12

Count One: Investment Adviser Fraud – Third Element: Intent..................................................14

Conscious Avoidance...................................................................................................17

Count One: Investment Adviser Fraud – Fourth Element: Interstate Nexus. ...............................19

Count Two: Securities Fraud – The Indictment and the Statute................................................20

Count Two: Securities Fraud – Statutory Purpose.......................................................................22

Count Two: Securities Fraud – Elements of the Offense .............................................................24

Count Two: Securities Fraud – First Element: Fraudulent Act ...................................................25

Count Two: Securities Fraud – Second Element: Knowledge, Intent and Willfulness ................29

Conscious Avoidance...................................................................................................30

Count Two: Securities Fraud – Third Element: Instrumentality of Interstate Commerce.............31

Counts Three through Seven – Wire Fraud .................................................................................33

Counts Three through Seven: First Element: Existence of Scheme or Artifice to Defraud .........35

Counts Three through Seven: Second Element: Knowing Participation to Scheme with Intent to Defraud ........................................................................................................................40

Counts Three through Seven: Third Element: Use of Interstate Wires ........................................43

Counts Eight through Fifteen: Travel Act Violations – The Indictment and the Statute.......... 46

Counts Eight through Fifteen: Travel Act Violations – Purpose of the Statute………..……… 47

Counts Eight through Fifteen: Travel Act Violations – Elements of the Offense……..……… 48

Counts Eight through Fifteen: First Element: Travel or Use of a Facility…………..……… 49

Counts Eight through Fifteen: Second Element: Intent to Engage …......……………..……… 51

Counts Eight through Fifteen: Third Element: Activity……………...……………..……… 55

Aiding and Abetting………………………………………………………………..……… 56

Willfully Causing a Crime………………………………………………………………... 59

Venue………………………………………………………………………………….…... 60

Non-Prosecution Agreements…………………………………………………………   61

Law Enforcement and Government Employee Witnesses…………………………………... 63

Character Testimony………………………………………………………………………... 64

Defendant's Testimony………………………………………………………………….….. 65

Defendant's Right Not to Testify………..…………………………………………………...   66

Statements of the Defendant…………………………………………………………….….. 67

Uncalled Witnesses – Equally Available to Both Sides ………………………….…………. 68

Particular Investigative Techniques Not Required……………………………………….…... 69

Persons Not on Trial……………………….…………………………………….………….. 70

Variance in Dates and Amounts……………………………………………………………... 71

Preparation of Witnesses……………………………………………………………………... 72

Charts and Summaries – Not Admitted As Evidence…………………………………………... 73

Charts and Summaries – Admitted As Evidence...………………………………………….. 74

Use of Audio Recordings and Transcripts………..…………………………………………... 75

Stipulations…………………………………………………………………………………….. 76

Conclusion ...................................................................................................................................77

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

      a.      Function of Court and Jury.

      b.      Indictment Not Evidence.

      c.      Statements of Court and Counsel Not Evidence.

      d.      Burden of Proof and Presumption of Innocence.

      e.      Reasonable Doubt.

      f.      Government Treated Like Any Other Party.

      g.      Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

      h.      Inferences.

      i.      Credibility of Witnesses.

      j.      Right to See Exhibits and Have Testimony Read During Deliberations.

      k.      Sympathy: Oath of Jurors.

      l.      Punishment is Not to Be Considered by the Jury.

      m.      Verdict of Guilt or Innocence Must Be Unanimous.

## REQUEST NO. 2

### The Indictment

The defendant, JAMES TAGLIAFERRI, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

## REQUEST NO. 3

### Summary of Indictment

The Indictment contains fourteen counts or "charges." Count One of the Indictment charges the defendant with investment adviser fraud.  Specifically, Count One charges that, from at least in or about 2007 through in or about 2010, the defendant, JAMES TAGLIAFERRI, participated in a scheme to defraud his investment advisory clients.  Count One of the Indictment alleges that part of this scheme, JAMES TAGLIAFERRI, the defendant, included the following conduct:   (i) TAGLIAFERRI caused his clients to invest in certain securities in exchange for receiving undisclosed payments from others;  (ii) TAGLIAFERRI caused clients to purchase certain securities from other accounts that TAGLIAFERRI controlled so that he could use funds in his clients' accounts to make payments to other clients and to pay expenses on behalf of companies with which he was affiliated; and (iii) TAGLIAFERRI caused fictitious and fraudulent securities to be placed in client accounts that were premised on a promissory note between TAG and another company that, as TAGLIAFERRI knew, did not exist.

Count Two charges the defendant with committing securities fraud from at least in or about 2007 through in or about 2010 based on the same allegations.

Counts Three through Seven each charge the defendant with committing wire fraud from at least in or about 2007 through in or about 2010 based on the same allegations.

Counts Eight through Fourteen each charge the defendant with violating a statute known as the Travel Act by causing his clients to invest in certain securities in exchange for receiving payments from others without the knowledge or authority of his clients.

That is a summary of all fourteen counts in the Indictment. You must consider each count separately, and you must return a separate verdict of guilty or not guilty for each count. Whether

3

you find the defendant guilty or not guilty as to one count should not affect your verdict as to any other count.

      With that summary of the Indictment as background, I will now give you detailed instructions that relate to the crime charged in Count One.

> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 3-6.
> Honorable Michael B. Mukasey in <u>United States </u>v. <u>Bello</u>,
> 91 Cr. 571 (MBM), <u>aff'd</u> <u>mem</u>., 990 F.2d 622 (2d Cir.
> 1993).

## REQUEST NO. 4

### Count One: The Indictment and the Statute

As I have said, Count One of the Indictment charges the defendant, JAMES

TAGLIAFERRI, in his capacity as an investment adviser with engaging in fraudulent conduct

toward his investor-clients.

[The Court is respectfully requested to the Statutory Allegations in the Indictment relating to
Count One.]

The relevant investment adviser fraud statutes and regulations are found at Title 15 of the

United States Code, Sections 80b-6 and 80b-17. The relevant portion of Section 80b-6 provides

that: "It shall be unlawful for any investment adviser by use of the mails or any means or

instrumentality of interstate commerce, directly or indirectly (a) to employ any devise, scheme or

artifice to defraud any client or prospective client; (b) to engage in any transaction, practice or

course of business which operates as a fraud or deceit upon any client or prospective client; or

(c) to engage in any act, practice, or course of business that was fraudulent, deceptive or

manipulative.

Section 80b-17 is a general penalty provision of the Investment Adviser Act that makes it

unlawful to willfully violate its provisions or any rule or regulation thereunder, and it provides in

pertinent part as follows: "Any person who willfully violates any provision of this subchapter or

any rule, regulation or order promulgated by the SEC under authority thereof, shall be guilty of

an offense against the United States."

## REQUEST NO. 5

## Count One: Investment Adviser Fraud -- Statutory Purpose

The Investment Advisers Act of 1940 was the last in a series of Acts designed to eliminate certain abuses in the securities industry, abuses which were found to have contributed to the stock market crash of 1929 and the depression of the 1930s.  It was preceded by the Securities Act of 1933 and the Securities Exchange Act of 1934, two acts I will speak more about later in my instructions.

Pursuant to a previous act passed by Congress, the United States Securities and Exchange Commission was directed to study the functions and activities of investment trusts and investment companies.  Pursuant to this mandate, the Commission made an exhaustive study and report which included consideration of investment counsel and investment advisory services.

This SEC Report concluded that investment advisers could not completely perform their basic function—furnishing to clients on a personal basis competent, unbiased, and continuous advice regarding the sound management of their investments—unless all conflicts of interest between the investment counsel and the client were removed.  The report stressed that affiliations by investment advisers with investment bankers or corporations might be an impediment to a disinterested, objective, or critical attitude toward an investment by clients

This study and report—authorized and directed by statute—culminated in the preparation and introduction of a bill which, with some changes, became the Investment Advisers Act of 1940.  The Investment Advisers Act was ultimately enacted with the fundamental purpose of imposing a broad proscription against any practice which operates as a fraud or deceit upon any client or prospective client.  The Investment Advisers Act of 1940 thus reflects a congressional recognition of the delicate fiduciary nature of an investment advisory relationship, as well as a

congressional intent to eliminate, or at least to expose, all conflicts of interest that might incline

an investment adviser to render advice which was not disinterested.

> Adopted from the Supreme Court's description of the Act's
> inception in <u>S.E.C</u>. v. <u>Capital Gains Research Bur.</u>, 375 U.S. 180
> (1963)

## REQUEST NO. 6

### Count One: Investment Adviser Fraud- Fiduciary Duty

A "fiduciary" is a special type of agency in which a special trust or confidence is reposed in the agent, who is duty bound to act in the utmost good faith and candor and good conscience with due regard for the interests of the person reposing the confidence.  Examples of a fiduciary include (but are not limited to) an executor or administrator of an estate; an attorney with respect to the affairs of his client; a guardian of an infant or incompetent person with respect to his ward; and the officers and directors of a corporation with respect to the stockholders of the corporation. I instruct you as a matter of law that investment advisers are fiduciaries to their investment advisory clients.

Thus, an investment adviser has an affirmative duty of utmost good faith, and full and fair disclosure of all material facts, as well as an affirmative obligation to employ reasonable care to avoid misleading his clients.  I instruct you that a fiduciary owes a duty to disclose all material facts concerning the transaction entrusted to it.  The concealment by a fiduciary of material information which he or she is under a duty to disclose to another, under circumstances where the non-disclosure can or does result in harm to the other, can be a fraud, if the Government has proven beyond a reasonable doubt the other elements of the offense.

Adapted from S.E.C. v. Capital Gains Research Bur., 375 U.S. 180 (1963);
Transamerica Mortg. Advisors v. Lewis, 444 U.S. 11, 17 (U.S. 1979); United
States v. Szur, 289 F.3d 200 (2d Cir. 2002).

## REQUEST NO. 7

### Count One: Investment Adviser Fraud – Elements of the Offense

I will now explain the elements of the investment adviser fraud charge. In order to prove a defendant guilty of this crime, the Government must prove all four of the following essential elements:

First, that the defendant was an investment adviser

Second, the defendant did one of the following: (a) employed a device, scheme, or artifice to defraud an actual or prospective investor advisory client; (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit upon those investment advisory clients or prospective investment advisory clients; or (c) engaged in an act, practice, and course of business that was fraudulent, deceptive, and manipulative;

Third, the defendant devised or participated in such alleged device, scheme or artifice to defraud, or engaged in such alleged transaction, practice, or course of business, knowingly, willfully, and with the intent to defraud;

Fourth, the defendant employed such alleged device, scheme, or artifice to defraud, or engaged in such alleged transaction, practice, or course of business, by use of the mails or an instrumentality of interstate commerce.

Jury instructions in United States v. Alberto Vilar & Gary Tanaka, 05 Cr. 621 (RJS).

**REQUEST NO. 8**

**Count One: Investment Adviser Fraud**

**First Element: Defendant Was an Investment Adviser**

The first element the Government must prove beyond a reasonable doubt is that the defendant was an investment adviser at the time he is alleged to have committed investment adviser fraud. Title 15, United States Code, Section 80b-2 defines the term "investment adviser" as applied to this Act.  It provides, in pertinent part, as follows: "Investment adviser means any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities, but does not include … any broker or dealer whose performance of such services is solely incidental to the conduct of his business as a broker or dealer and who receives no special compensation therefor."

Thus, to determine whether the defendant is an investment adviser under the Act, you must primarily consider three factors:

First, whether the defendant provided advice or was an adviser that issued reports or analyses regarding securities;

Second, whether the defendant was in the business of providing such advice; and

Third, whether the defendant was provided compensation for such advice.

What I have just described to you pertains to your consideration of the first element of Count One of the Indictment.  As I mentioned, as investment adviser has a fiduciary duty to his or her clients.

10

Keep in mind that whether a person or entity is an Investment Adviser is a different issue than whether or not the person or entity is a registered Investment Adviser.  You are instructed that registration with the United States Securities and Exchange Commission as an investment adviser is not required for you to find that the defendant is an investment adviser as I have defined that term in my instructions to you.

# REQUEST NO. 9

## Count One: Investment Adviser Fraud
## Second Element: Scheme to Defraud

The second element that the Government must prove beyond a reasonable doubt is that the defendant did any one or more of the following: (a) employed a device, scheme, or artifice to defraud an actual or prospective investor-client; (b) engaged in a transaction, practice, or course of business which operated as a fraud and deceit upon those investors or prospective investors; or (c) engaged in an act, practice, and course of business that was fraudulent, deceptive, and manipulative.

Any one of these types of alleged fraudulent conduct, if proven by the Government beyond a reasonable doubt, is sufficient. However, you must be in unanimous agreement as to which type of unlawful conduct, if any, has been proven by the Government.

Let me now explain some of these terms.

**"Device, Scheme, Or Artifice To Defraud"**

A device, scheme or artifice is merely a plan for the accomplishment of any objective. Fraud is a general term that embraces all ingenious efforts and means that individuals devise to take advantage of others. It includes all kinds of manipulative and deceptive acts. The fraud or deceit need not relate to the investment value of the securities involved in this case. The failure to disclose information may constitute a fraud if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The Government has alleged various methods of conduct by which the defendant carried out a scheme to defraud his investment advisory clients. Specifically, the Government alleges that the defendant committed investment adviser fraud by (i) causing his clients to invest in

certain securities in exchange for receiving undisclosed payments from others; (ii) using client funds to make payments to other clients and to pay expenses on behalf of companies with which the defendant was affiliated; and (iii) causing fictitious securities to be placed in TAG client accounts.   Any one of these methods of alleged fraudulent conduct, if proven by the Government beyond a reasonable doubt, is sufficient for you to return a verdict of Guilty on Count One of the Indictment.

> Adapted from United States v. Amrep Corp., 560 F.2d 539, 546 (2d Cir. 1977) (distinguishing the existence of a scheme to defraud from the "means adopted to effectuate that scheme," and holding that the government need not prove every means charged in the indictment so long as "there is sufficient overall proof that the scheme exists" (internal quotation marks omitted)).

## REQUEST NO. 10

### Count One: Investment Adviser Fraud
### Third Element: Intent

The third element the Government must prove beyond a reasonable doubt is that the defendant devised or participated in the alleged device, scheme, or artifice to defraud, or engaged in the allegedly fraudulent transaction, practice, or course of business, knowingly, willfully, and with a specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

14

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether a defendant possessed or lacked an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

At this point, let me advise you that since an essential element of the crime charged is intent to defraud, it follows that "good faith," as I will define that term, on the part of a defendant is a complete defense to a charge of securities fraud. A defendant has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does <u>not</u> necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

15

As a practical matter, then, to prove the charge against a defendant, the Government must establish beyond a reasonable doubt that the defendant knew that his conduct was calculated to deceive and that he nevertheless associated himself with the alleged fraudulent scheme.

The Government may prove that the defendant acted knowingly and willfully in either of two ways: First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware that he was making or causing a false statement to be made, or omitting, or causing to be omitted, a material fact. Second, a defendant's knowledge may be established by proof that the defendant was aware of a high probability that the statement was false, or that a material fact was omitted unless, despite this high probability, the facts show that the defendant actually believed the statement to be true or that the material fact was not omitted. This concept is known as conscious avoidance, and I will explain it more fully in a moment.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-16.

# REQUEST NO. 11

## Conscious Avoidance

The Government can also meet its burden of showing that the defendant had the requisite knowledge of the falsity of statements that were made, or of the failure to disclose information that he or others were under a duty to disclose, if it establishes beyond a reasonable doubt that the defendant acted with deliberate disregard for whether the statements were true or false, or contained material omissions, or with deliberate disregard for whether information was disclosed by those who had a duty to disclose it, with a conscious purpose of avoiding learning the truth. If the Government establishes beyond a reasonable doubt that a defendant acted with deliberate disregard for the truth, or with deliberate disregard for whether material information was not disclosed, the knowledge requirement would be satisfied unless the defendant actually believed the statements to be true, or believed they contained no material omissions. The necessary knowledge cannot be established by showing that a defendant was careless, negligent, or foolish. One may not, however, willfully and intentionally remain ignorant of a fact and expect his conduct to escape the consequences of criminal law. If, on the basis of the evidence, you find beyond a reasonable doubt that the defendant was aware that there was a high probability that false statements were made, or that material information was not being disclosed by those who had a duty to disclose it, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that the statements were true and contained no material omissions. You are cautioned, however, that a finding of conscious avoidance cannot be the sole basis for finding fraudulent intent. While a defendant's conscious avoidance of a fact may be relevant to the question of his intent, you cannot find that the requisite intent has been

proven unless the Government has presented additional evidence of intention to defraud, that is,

evidence in addition to the evidence of conscious avoidance.

> Adapted from the charges of the Honorable Denny Chin in <u>United States</u> v. <u>Richards, et al.</u>, 98 Cr. 1377 (DC) and of the Honorable Barbara S. Jones in <u>United States</u> v. <u>Ebbers</u>, 02 Cr. 1144 (BSJ); <u>United States</u> v. <u>Weissman</u>, 01 Cr. 529 (BSJ); the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rigas</u>, 02 Cr. 1236 (LBS); and Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-24.

## REQUEST NO. 12

### Count One: Investment Adviser Fraud
### Fourth Element: Interstate Nexus

The fourth and final element the Government must prove beyond a reasonable doubt is that the defendant knowingly caused or caused to be used the mails or an instrumentality of interstate commerce, such as interstate telephone or wire communications in furtherance of the alleged scheme to defraud, or the allegedly fraudulent conduct specified in the indictment.   The term instrumentality of interstate commerce means instruments, devices and means of conducting trade, commerce, transportation, or communication among any two states, or between this country and a foreign country. It is not necessary the defendant be directly or personally involved in mailing or use of the instrumentality. If a defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in the use of the mails or interstate wires, then you may find that he caused them to be used.  The items allegedly sent through the mails or communicated through the instrumentality of interstate commerce, need not have contained fraudulent material or anything criminal or objectionable, nor need they be central to the execution of the alleged scheme to defraud or allegedly fraudulent conduct and may even be incidental to it.  All that is required is that the use of the mails or instrumentalities must bear some relation to the object of the alleged scheme or conduct.

That concludes my instructions to you on Count One of the Indictment.

## REQUEST NO. 13

### Count Two: Securities Fraud
### The Indictment and the Statute

Count Two of the Indictment charges the defendant with committing the crime of

securities fraud.

Count Two alleges as follows:

[The Court is respectfully requested to read Count Two of the Indictment.]

The relevant law here is Section 10(b) of the Securities Exchange Act of 1934, which is

set forth in 15 U.S.C. § 78j(b). Section 10(b) provides, in pertinent part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means
> or instrumentality of interstate commerce or of the mails, or of any facility of any
> national securities exchange . . .
>
> (b) To use or employ, in connection with the purchase or sale of any security
> registered on a national securities exchange or any security not so registered, . . .
> any manipulative or deceptive device or contrivance in contravention of such
> rules and regulations as the [SEC] may prescribe as necessary or appropriate in
> the public interest or for the protection of investors.

Based on its authority under this statute, the SEC has created a number of rules and

regulations, one of which, known as Rule 10b-5 is relevant here. Rule 10b-5 reads as follows:

> **Employment of manipulative and deceptive devices.** It shall be unlawful for
> any person, directly or indirectly, by the use of any means or instrumentality of
> interstate commerce, or of the mails, or of any facility of any national securities
> exchange,
>
> (a) to employ any device, scheme, or artifice to defraud,
>
> (b) to make any untrue statement of a material fact or to omit to state a material
> fact necessary in order to make the statements made, in light of the circumstances
> under which they were made, not misleading, or
>
> (c) to engage in any act, practice, or course of business which operates or would
> operate as a fraud or deceit upon any person, in connection with the purchase or
> sale of any security.

Adapted from the charge of the Honorable Barbara S. Jones in <u>United States</u> v. <u>Ebbers</u>, 02 Cr. 1144 (BSJ); Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-18.

## REQUEST NO. 14

### Count Two: Securities Fraud -- Statutory Purpose

The 1934 Securities Exchange Act was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed.

The stock market crash of 1929 led to much legislation in the area of federal regulation. Included in this legislation was the Securities Act of 1933, and the creation of the Securities and Exchange Commission ("SEC"). The Securities Act was enacted to protect the investing public in the purchase of stock that is publicly distributed. The Act provides a comprehensive plan requiring full and fair disclosure of all important facts in connection with a distribution of securities. Such disclosures are designed to enable the investing public to make realistic appraisals of the merits of securities so that investors can make informed investment decisions.

When it enacted the Securities Act, Congress recognized that the purchase of a stock is different from the purchase of a vegetable bought in a grocery store, in that the average investor is not in a position to make a personal investigation to determine the worth, quality, and value of securities.

Following enactment of the Securities Act of 1933, which requires full and fair disclosures relating to the offering of stock to the investing public, Congress enacted the Securities Exchange Act of 1934 to ensure fair dealing and outlaw deceptive and inequitable practices by those selling or buying securities on the securities exchanges, in over-the-counter markets, or in face-to-face transactions. Among the primary objectives of the Exchange Act are the maintenance of fair and honest security markets and the elimination of manipulative practices that tend to distort the fair and just price of stock. Congress recognized that any deceptive or

22

manipulative practice that influenced or related to trading activity undermined the function and

purpose of a free market.

> Adapted from the charge of The Honorable Sand in United States v. Pignatiello, S1 96 Cr. 1032 (July 14, 1999), and from Sand, et al., Modern Federal Jury Instructions, Instr. 57-19.

**REQUEST NO. 15**

**Count Two: Securities Fraud**
**Elements of the Offense**

To establish a violation of Section 10(b), as charged in Count Two of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

First, that in connection with the purchase or sale of stock, or shares in a company, the defendant did any one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

Second, that the defendant acted unlawfully, knowingly, willfully, and with the intent to defraud; and

Third, that the defendant used or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct. I will discuss each element.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 57-20 and the Honorable Denny Chin's instruction in United States v. Richard et al., 98 Cr. 1377 (DC); see United States v. Gleason, 616 F.2d 2 (2d Cir. 1979), cert. denied, 444 U.S. 1082 (1980).

## REQUEST NO. 16

## Count Two: First Element -- Fraudulent Act

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of securities that TAGLIAFERRI caused his investor-clients to purchase, the defendant did any one of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

To prove this element, it is not necessary for the Government to prove all three types of unlawful conduct in connection with the purchase or sale of securities. Any one will suffice. You must, however, be unanimous as to which type of unlawful conduct, if any, the defendant committed.

Let me now explain some of these terms.

I have previously defined the terms "Device, Scheme, Or Artifice To Defraud" - you are to follow those instructions here.

As I explained in connection with Count One of the Indictment, the Government has alleged various methods of conduct by which the defendant carried out a scheme to defraud his investment advisory clients. As I instructed you with regard to Count One, any one of these methods of alleged fraudulent conduct, if proven by the Government beyond a reasonable doubt, is sufficient for you to return a verdict of guilty on Count Two of the Indictment.

**False Statements And Omissions**

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive. The concealment of material facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.  The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

**"In Connection With"**

You cannot find that the Government has proven the first element unless you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a purchase or sale of securities. The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction. You need not find that the defendant actually participated in any specific purchase or sale of a security if you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a "purchase or sale" of securities.

26

It is not necessary for you to find that the defendant was or would be the actual seller of the securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of securities. By the same token, the Government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the Government establishes that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

### **"Material Fact"**

If you find that the Government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances. The word "material" here refers to the nature of the false or misleading statements. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. Matters that are "material" may also include fraudulent half-truths or omissions of material fact. A material fact is one that a reasonable person would have considered important in making his or her investment decision. That means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such an investment decision.

In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of

ordinary intelligence. Once you find that the offense involved the making of material

misrepresentations or omissions of material facts, it does not matter whether the intended victims

were gullible buyers or sophisticated investors, because the securities laws protect the gullible

and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been

successful, or whether the defendant profited or would have profited as a result of the alleged

scheme. Success is not an element of a violation of Section 78j(b) or Rule 10b-5. If, however,

you find that the defendant expected to or did profit from the alleged scheme, you may consider

that in relation to the element of intent, which I will discuss in a moment.

> Adapted from the charge of the Honorable Denny Chin in United
> States v. Richards et al., 98 Cr. 1377 (DC); the charge of the
> Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr.
> 1144 (BSJ); United States v. Weissman, 01 Cr. 529 (BSJ); the
> charge of the Honorable Michael B. Mukasey in United States v.
> Goldenberg, 98 Cr. 974 (MBM) (S.D.N.Y. Dec. 20, 1999); and
> from the charge of the Honorable Leonard B. Sand in United States
> v. Pignatiello, S1 96 Cr. 1032 (LBS) (July 14, 1999), and from
> Sand, et al., Modern Federal Jury Instructions, Instrs. 57-20, 57-
> 21. See also United States v. Skelly, 442 F.3d 94, 98 (2d Cir.
> 2006); United States v. Santoro, 302 F.3d 76, 80-81 (2d Cir. 2002)
> ("Unlike customers who independently find their stocks and whose
> brokers merely execute trades at their command, customers who
> rely on investment recommendations reasonably trust their brokers
> to fully disclose all information pertinent to the recommendation
> and quality of the investment."); United States v. Szur, 289 F.3d
> 200, 210 (2d Cir. 2002) see also Sand, et al., Modern Federal Jury
> Instructions, Instr. 44-4; United States v. Amrep Corp., 560 F.2d
> 539, 546 (2d Cir. 1977) (distinguishing the existence of a scheme
> to defraud from the "means adopted to effectuate that scheme,"
> and holding that the government need not prove every means
> charged in the indictment so long as "there is sufficient overall
> proof that the scheme exists" (internal quotation marks omitted)).

## REQUEST NO. 17

### Count Two: Second Element --
### Knowledge, Intent and Willfulness

The second element of Count Two that the Government must establish is that the

defendant acted knowingly, willfully and with intent to defraud.

I have already instructed you as to the definition of these terms in regard to Count One.

You are instructed to apply those same definitions when deliberating in regard to Count Two.

## REQUEST NO. 18

### Conscious Avoidance

As I instructed you with regard to Count One, the Government can also meet its burden in regard to Count Two of showing that the defendant had the requisite knowledge of the falsity of statements that were made, or of the failure to disclose information that he or others were under a duty to disclose, if it establishes beyond a reasonable doubt that the defendant acted with deliberate disregard for whether the statements were true or false, or contained material omissions, or with deliberate disregard for whether information was disclosed by those who had a duty to disclose it, with a conscious purpose of avoiding learning the truth.  You are instructed to apply the instructions I provided in regard to Count One in regard to such "conscious avoidance" to your deliberations in regard to Count Two.

**REQUEST NO. 19**

**Count Two: Third Element --**
**Instrumentality of Interstate Commerce**

The third and final element of Count Two — the substantive securities fraud count — that the Government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

Let me first note that it is unnecessary for the Government to prove both the mails or an instrumentality of interstate commerce was used in furtherance of the fraudulent scheme. Only one of the above -- either the mails or an instrumentality of interstate commerce – is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of interstate commerce are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

The use of the term "mails" is self-explanatory, and includes the United States Mail and Federal Express. The term "instrumentality of interstate commerce" includes any communications network that involves more than one state. Interstate telephone calls -- i.e., telephone calls made by a caller in one state to another person in another state, or from the United States to another country, or vice versa -- would be an example of using an instrumentality of interstate commerce. Other examples would be an email or a facsimile that was sent from one state to another state, or from the United States to another country, or vice versa.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instrs. 57-20, 57-25; United States v. Giordano, 442 F.3d 30, 40 & n.11 (2d Cir. 2006) (defining "instrumentality of interstate commerce").

# REQUEST NO. 20

## Counts Three through Seven: Wire Fraud

Counts Three through Seven each charge that the defendant committed wire fraud — i.e., using an interstate wire facility in furtherance of a fraud.

In order to prove the defendant guilty of wire fraud, the Government must separately establish beyond a reasonable doubt the following three essential elements:

First, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used, or caused the use by others, of interstate or foreign wires, as specified in the Indictment.

[*The Court is respectfully requested to read Counts Three through Seven of the Indictment.*]

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-3 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)); and the charges of the Honorable Michael B. Mukasey in United States v. Harding, 91 Cr. 43 (S.D.N.Y. 1991) (mail fraud), and in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990) (wire fraud); the charge of the Honorable John G. Koeltl in United States v. Szur, 97 Cr. 108 (S.D.N.Y. 1998); and the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991) (wire fraud); see also United States v. Dinome, 86 F.3d 277, 283 (2d Cir. 1996); United States v. Altman, 48 F.3d 97, 101 (2d Cir. 1995); United States

v. <u>Mittelstaedt</u>, 31 F.3d 1208, 1216 (2d Cir. 1994); <u>United States</u> v. <u>Miller</u>, 997 F.2d 1010, 1017 (2d Cir. 1993); <u>United States</u> v. <u>Wallach</u>, 935 F.2d 445, 461 (2d Cir. 1991); <u>United States</u> v. <u>Rodolitz</u>, 786 F.2d 77, 80 (2d Cir.) (discussing elements of analogous mail fraud violation), <u>cert. denied</u>, 479 U.S. 826 (1986); <u>United States</u> v. <u>Bronston</u>, 658 F.2d 920, 927 (2d Cir. 1981) (interpreting mail fraud statute), <u>cert. denied</u>, 456 U.S. 915 (1982); <u>Polycast Technology Corp</u>. v. <u>Uniroyal, Inc.</u>, 728 F. Supp. 926 (S.D.N.Y. 1989) (elements of wire fraud).

## REQUEST NO. 21

### Counts Three through Seven: First Element –
### Existence of Scheme or Artifice to Defraud

The first element of each of Counts Three through Seven the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is simply a plan for the accomplishment of an object. "Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth. The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises. It is a plan to deprive another of money or property by trick, deceit, deception, swindle, or overreaching.

In order to establish a scheme to defraud, the Government need not show that the defendant made a misrepresentation. A scheme to defraud can exist even if the scheme did not progress to the point where misrepresentations would be made. In addition, even if you find that the statements the Government contends were made or contemplated by the defendant in furtherance of the scheme were literally true, you can still find that the first element of the wire fraud statute has been satisfied if the statements and/or conduct of the defendant were deceptive. You may also find the existence of such a scheme if you find that the defendant conducted himself in a manner that departed from traditional notions of fundamental honesty and fair play in the general business life of society.

You may find that a scheme to defraud existed only if the Government has proven beyond a reasonable doubt the existence of the scheme alleged in the Indictment.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

A "pretense, representation, or statement" is fraudulent if it was made falsely and with intent to deceive. A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation or concealment must relate to a material fact or matter.  I have previously explained, a material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions, that is, failures to disclose facts.

In order to satisfy this first element, the Government must also prove that the alleged scheme contemplated depriving another of money or property. It is not necessary for the Government to establish that the defendant actually realized any gain from the scheme or that

any particular person actually suffered damages as a consequence of the fraudulent scheme. You must concentrate on whether there was such a scheme, not on the consequences of the scheme.

In this regard, a person is not deprived of money or property only when someone directly takes his money or property from him. Rather, a person is also deprived of money or property when that person is provided false or fraudulent information that, if believed, would prevent him from being able to make informed decisions about what to do with his money or property. In other words, a person is deprived of money or property when he is deprived of the right to control that money or property. And he is deprived of the right to control that money and property when he receives false or fraudulent statements that affect his ability to make discretionary economic decisions about what to do with that money or property.

As I explained in connection with Counts One and Two of the Indictment, the Government has alleged various methods of conduct by which the defendant carried out a scheme to defraud his investment-advisery clients. As I instructed you with regard to Counts One and Two, any one of these methods of alleged fraudulent conduct, if proven by the Government beyond a reasonable doubt, is sufficient for you to return a verdict of guilty on Count Three through Seven of the Indictment.

If you find that the Government has sustained its burden of proof that a scheme to defraud did exist, as charged, you next should consider the second element.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-4 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)); the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (1990); and the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); see United States v. DiNome, 86 F.3d 277, 284 (2d Cir. 1996) (definition of property includes the right to control the use

of one's assets; where defendant intends to deprive victim of information material to victim's decision on how to deal with his assets, required intent to defraud is present); see United States v. Trapilo, 130 F.3d 547, 550 n.3 (2d Cir. 1997) (interpreting wire fraud statute; "The term 'scheme to defraud' is measured by a 'nontechnical standard. It is a reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general [and] business life of members of society. . . . The scheme exists although no misrepresentation of fact is made'") (citations omitted); United States v. Von Barta, 635 F.2d 999, 1005 & n.12 (2d Cir. 1980) (same); Gregory v. United States, 253 F.2d 104, 109 (5th Cir. 1958) (same); United States v. Ragosta, 970 F.2d 1085, 1089-90 (2d Cir.) (bank fraud statute; "[t]he term 'scheme to defraud,'. . . is not capable of precise definition. Fraud instead is measured in a particular case by determining whether the scheme demonstrated a departure from fundamental honesty, moral uprightness, or fair play and candid dealings in the general life of the community"; because 18 U.S.C. § 1344 is written in disjunctive, "courts have required proof of misrepresentation only when the defendant is charged with violating" provision regarding "scheme . . . to obtain . . . moneys . . . by means of false or fraudulent . . . representations"; under provision addressing "schemes to defraud," statute "does not require proof of a misrepresentation") (citations omitted), cert. denied, 506 U.S. 102 (1997); United States v. Richman, 944 F.2d 323, 331-32 (7th Cir. 1991) (mail fraud; "scheme to defraud" established even if no misrepresentation made; it is "immaterial that the [scheme] did not progress to the point where [defendant] had to make false representations" to victim; rejecting defendant's request for instruction that "false . . . representations must have been made"; "'the mail fraud statute proscribes fraudulent schemes' rather than specific misrepresentations to the party to be defrauded") (citations omitted); United States v. Karro, 257 F.3d 112, 118 (2d Cir. 2001) (holding that a defendant who intentionally provides false information to a lender about her identity to obtain a credit card has intent to defraud, whether or not she intended to repay the credit card debts); United States v. Rossomando, 144 F.3d 197, 201 & n.5 (2d Cir. 1998) (noting that borrower who provides false information to a lender intends to inflict economic harm on lender notwithstanding intent to repay loan, i.e.,

"to deprive the bank of the ability to determine the actual level of credit risk and to determine for itself on the basis of accurate information whether, and at what price, to extend credit to the defendant"); United States v. DiNome, 86 F.3d 277, 284 & n.7 (2d Cir. 1996) (holding that a borrower's misrepresentation to mortgage lender about income was sufficient to support wire fraud conviction); United States v. Amrep Corp., 560 F.2d 539, 546 (2d Cir. 1977) (distinguishing the existence of a scheme to defraud from the "means adopted to effectuate that scheme," and holding that the government need not prove every means charged in the indictment so long as "there is sufficient overall proof that the scheme exists" (internal quotation marks omitted)).

## REQUEST NO. 22

### Counts Three Through Seven: Wire Fraud
### Second Element -- Knowing Participation in Scheme with Intent to Defraud

The second element of wire fraud that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, it is not necessary for the Government to establish that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participated in or have knowledge of all of the operations of the scheme. The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose. As I have previously noted, before the defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and willfully and with a specific intent to defraud. I have previously defined the terms "knowingly" and "willfully," and you are to follow those instructions here.

A defendant acted with "intent to defraud" if he engaged or participated in the fraudulent scheme with some realization of its fraudulent or deceptive character and with an intention to be involved in the scheme to defraud and to help it succeed with a purpose of causing harm to the victim. The Government need not prove that the intended victims were actually harmed; only that such harm was contemplated. Actors are presumed to intend the natural and probable consequences of their actions. So when the necessary result of the actor's scheme is to injure others, fraudulent intent may be inferred from the scheme itself.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. As I explained before, direct proof of knowledge, willfulness, and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

41

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the particular defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 44-5.

## REQUEST NO. 23

### Counts Three Through Seven: Wire Fraud
### Third Element -- Use of Interstate Wires

Now, the third and final element that the Government must establish beyond a reasonable doubt as to each wire fraud count is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as New Jersey, California, or a territory, such as the U.S. Virgin Islands, or between the United States and another country.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the particular defendant is accused of participating. In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication. When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used. Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the victim of the alleged fraud.

The use of the wire need not itself be fraudulent. Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

The Government must establish beyond a reasonable doubt the particular use charged in the Indictment. However, the Government does not have to prove that an interstate wire was used on any exact dates charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that a wire was used on a date reasonably near the time period alleged in the Indictment.

Let me also add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component. Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-7 (based on the charge of the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr. 771 (S.D.N.Y. 1983)); the charge of the Honorable Michael B. Mukasey in United States v. Uccio, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (2d Cir. 1990); the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (S.D.N.Y. 1991); and the charge of the Honorable John G. Koeltl, United States v. Szur, S5 97 Cr. 108 (S.D.N.Y. 1998); see United States v. Blackmon, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); Pereira v. United States, 347 U.S. 1, 8-9 (1954) (defendant "causes" mailing so long as he "does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such can reasonably be foreseen."); United States v. Keats, 937 F.2d 58 (2d Cir.) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), cert. denied, 502 U.S. 950 (1991); United States v. Bortnovsky, 879 F.2d 30, 36-41 (2d Cir. 1989) (extended discussion of "in furtherance" requirement in mail fraud case; holding that letter mailed two years after fraud by innocent third party was "reasonably foreseeable" and "in furtherance" of fraud);

United States v. Muni, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); Schmuck v. United States, 489 U.S. 705 (1989); United States v. Paccione, 949 F.2d 1183, 1196 (2d Cir. 1991), cert. denied, 112 S. Ct. 3029 (1992); United States v. Keats, 937 F.2d 58, 64 (2d Cir.), cert. denied, 112 S. Ct. 399 (1991).

## REQUEST NO. 24

**Counts Eight Through Fourteen: Travel Act Violations - The Indictment and the Statute**

Counts Eight through Fourteen of the Indictment each charge the defendant with violating a criminal statute referred to as the Travel Act.

The relevant law here is codified at 18 U.S.C. Section 1952 and states:

> Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to . . .
>
> (1) distribute the proceeds of any unlawful activity; or
>
> (3) . . . promote, manage, establish, carry on, or facilitate the promotion, management establishment, or carrying on of any unlawful activity, and thereafter performs or attempts to perform any of these acts is guilty of a crime.

The statute defines "unlawful activity" to include "bribery . . . in violation of the laws of the State in which committed or of the United States."

In this case, the unlawful activity that is charged is the violation of a New York State statutes criminalizing commercial bribe receiving, which I will discuss in detail momentarily. I instruct you as a matter of law that a violation of this commercial bribery statute is an "unlawful activity" within the meaning of the Travel Act.

> Adapted from the charge of the Honorable Kenneth Conboy in United States v. Ruggiero, 92 Cr. 811 (KC) (S.D.N.Y. 1993), and from Sand et al., Modern Federal Jury Instructions, Instr. 60-1; see United States v. Salameh, 152 F.3d 88, 152 (2d Cir. 1998); United States v. Jenkins, 943 F.2d 167, 172 (2d Cir. 1991) ("The Travel Act is a substantive offense that in-and-of-itself punishes individuals for using facilities of interstate or foreign commerce to further certain unlawful activities."); United States v. Kozeny, 493 F. Supp. 2d 693, 705-06 (S.D.N.Y. 2007) (quoting the statute).

## REQUEST NO. 25

**Counts Eight Through Fourteen: Travel Act Violations – Purpose of the Statute**

The Travel Act was a part of a legislative effort to assist local authorities in dealing with a variety of criminal activity, which was materially assisted by the availability of facilities of interstate commerce.

> See Erlenbaugh v. United States, 409 U.S. 239, 481-82
> (1972)(Travel Act was a part of a "comprehensive federal
> legislative effort to assist local authorities in dealing with
> organized criminal activity which, in many instances, had assumed
> interstate proportions and which in all cases was materially
> assisted in its operations by the availability of facilities of interstate
> commerce"; Section 1952 "concerned a broad spectrum of
> 'unlawful activity'"); see also United States v. Jenkins, 943 F.2d
> 167, 172 (2d Cir. 1991).

**REQUEST NO. 26**

**Counts Eight Through Fourteen: Travel Act Violations – Elements of the Offense**

A criminal violation of the Travel Act has three elements:

   <u>First</u>, that a the defendant traveled in interstate or foreign commerce or used a facility in interstate or foreign commerce, or caused someone else to do so;

   <u>Second</u>, that this travel or use of a facility was done with the intent to promote, manage, establish or carry on an unlawful activity ─ here, a violation of the New York State commercial bribe receiving statute alleged in the Indictment; and

   <u>Third</u>, that after this travel or use of a facility, the defendant performed or attempted to perform, or cased to be performed, an act in furtherance of that unlawful activity.

   To prove that the defendant violated the Travel Act, the Government must prove beyond a reasonable doubt, in addition to the elements I have described , that the defendant acted knowingly and willfully, as I have defined those terms in these instructions.

    Adapted from the charge of the Honorable Kenneth Conboy in
    <u>United States</u> v. <u>Ruggiero</u>, 92 Cr. 811 (KC) (S.D.N.Y. 1993), and
    from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 60-2; see
    <u>United States</u> v. <u>Jenkins</u>, 943 F.2d 167, 172 (2d Cir. 1991)
    (elements of offense); <u>United States</u> v. <u>Kozeny</u>, 493 F. Supp. 2d
    693, 706 (S.D.N.Y. 2007)(quoting <u>United States</u> v. <u>Salameh</u>, 152
    F.3d 88, 152 (2d Cir. 1998)).

**REQUEST NO. 27**

**Counts Eight Through Fourteen: Travel Act Violations –
First Element: Travel or Use of a Facility**

The first element of a violation of the Travel Act is that the defendant traveled interstate or used a facility in interstate or foreign commerce, or that he caused someone else to do so.

Interstate travel is simply travel between one state and another state, or between a state and a foreign country.  A facility in interstate or foreign commerce is any vehicle or instrument that crosses state lines, or boundaries between a state and a foreign country, in the course of commerce.  For example, making telephone calls, or sending electronic mail or facsimiles, or wire transferring funds from one state to another, or into or out of the country, are uses of facilities in interstate or foreign commerce.

In order to meet its burden of proof with respect to the first element, it is not necessary for the Government to prove that the defendant himself actually used a facility in interstate commerce, although that would, of course, be sufficient.  But the Travel Act also applies to a person who causes another person to use such a facility.  Therefore, if the Government proves beyond a reasonable doubt that the defendant caused another person to use the facility, then you may find that the Government has proved the first element of the offense.

With respect to this element, it does not matter whether the defendant knew that interstate or foreign facilities were used or would be used.  Nor does it matter whether the defendant intended to use facilities in interstate or foreign commerce.  It also does not matter whether the defendant intended that another person would use facilities in interstate or foreign commerce.

Adapted from the charge of the Honorable Leonard B. Sand in
United States v. Pignatiello, 96 Cr. 1032, Tr. 1608-1610 (S.D.N.Y.
1999), and from Sand et al., Modern Federal Jury Instructions,

49

Instrs. 60-3, 60-4, 60-6; <u>see</u> <u>Jenkins</u>, 943 F.2d at 172 (causing
secretary to make foreign telephone call sufficient use of interstate
facility); <u>United States</u> v. <u>Marquez</u>, 449 F.2d 89, 92 (2d Cir. 1971)
(defendant need not himself cross state lines or use interstate
facility; sufficient for conviction if he causes another to do so).

**REQUEST NO. 28**

**Counts Eight Through Fourteen: Travel Act Violations**
**Second Element: Intent to Engage in Unlawful Activity**

The second element of a violation of the Travel Act is that the defendant used, or caused another to use, a facility in interstate or foreign commerce ─ with the intent to promote, manage, establish or carry on the unlawful activity charged in the Indictment:  that is, a violation of the New York State commercial bribe receiving statute charged in the Indictment.

It is not enough for the Government to prove that the defendant used or caused another to use a facility in interstate or foreign commerce.  The Government must prove that the defendant used a facility in interstate or foreign commerce or that he caused another person to do so, for the purpose of facilitating the unlawful activity.

Similarly, it is not enough for the Government to prove that the defendant received commercial bribes and also happened to use a facility in interstate or foreign commerce.  It is also not enough for the Government to prove that the defendant used or caused another to use a facility and accidentally furthered the violation of the relevant state statutes.  The defendant must have intended to advance the receiving of commercial bribes as a result of his use of the facility, or as a result of causing another person to perform these acts.

On the other hand, the Government does not have to prove that the furtherance of the receipt of commercial bribes was the defendant's sole purpose in using the facility or causing another to use such facility.  It is sufficient if the Government proves that the defendant had a mixed motive.  Thus, if you find that the defendant used, or caused to be used, interstate facilities with the intent to facilitate the unlawful activity, and you also find that the defendant undertook this same use of interstate facilities for other reasons that have nothing to do with the unlawful

activity, you may still find that the government has met its burden of proof on the second element of the offense.

The Government must prove that the defendant traveled interstate — or used the facilities of interstate or foreign commerce — or caused another to do so, with the intent to facilitate the unlawful activity at issue.  The Government does not have to prove that the defendant knew that the actual interstate travel or actual use of interstate facilities was illegal.  It must prove, however, that the defendant knew that the activity he intended to facilitate was illegal.

The Government must prove that the activity that the defendant intended to facilitate was, in fact, unlawful under the relevant state statute criminalizing the receipt of commercial bribes.  I will now instruct you regarding that state statute and the elements of that crime.  Before I do, however, bear in mind that the Government need not prove a completed a bribery scheme under this statute, but just that the defendant used or caused to be used interstate channels in order to facilitate the crime of receiving commercial bribes.

The New York State Statute:

The relevant state statute charged in the Indictment is New York Penal Law Section 180.05, which entitled Commercial Bribe Receiving in the Second Degree.  That statute provides:

> An employee, agent or fiduciary is guilty of commercial bribe receiving in the second degree when, without the consent of his employer or principal, he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that such benefit will influence his conduct in relation to his employer's or principal's affairs.

The elements of a violation of Section 180.05 are as follows:

**First:** that the defendant solicited, accepted or agreed to accept some form of benefit from another person;

**Second:**  That at the time the benefit was solicited, accepted or agreed to be accepted, the defendant, was an employee, agent or fiduciary of his investor-clients;

**Third:** That at the time the benefit was solicited, accepted or agreed to be accepted, the defendant who was to receive the benefit did not have the consent of his principals, that is, his investor-clients; and

**Fourth:** That the benefit was solicited, accepted or agreed to be accepted by the defendant upon an agreement or understanding that such benefit would influence his conduct in relation to the affairs of his investor-clients.

An "agent" is a person authorized by another to act for or on behalf of that person with respect to a particular matter only.  Generally, although the agent is working for the principal, the principal does not exercise immediate supervision over the agent and does not directly control or direct the manner in which the work is performed.  An agent is a person who undertakes to transact some business or to manage some affair for another person under the latter's delegated authority, to do something in the name of and stead of the principal and to render an account of such business affair.

I have already defined the term "fiduciary" and I instruct you to use that definition when deliberating regarding Counts Eight through Fourteen.  I remind you that investment advisers are fiduciaries to their investment advisory clients.

A "principal" is one who has permitted or directed another person (the agent) to act for the principal's benefit or on behalf of the principal on a particular matter.

Adapted from Charges to Jury & Requests to Charge in Crim. Case in N.Y. § 15:43; <u>S.E.C.</u> v. <u>Capital Gains Research Bur.</u>, 375 U.S. 180 (1963); <u>see also</u> <u>United States</u> v. <u>Mahaffy</u>, 499 F.Supp.2d 291, 297 (E.D.N.Y. 2007).


    I also instruct you that a violation of Section 180.05, Commercial Bribe

Receiving in the Second Degree, constitutes "unlawful activity" for purposes of

the Travel Act.

Adapted from Charges to Jury & Requests to Charge in Crim. Case in N.Y. § 15:41; <u>S.E.C.</u> v. <u>Capital Gains Research Bur.</u>, 375 U.S. 180 (1963); <u>see also</u> <u>United States</u> v. <u>Mahaffy</u>, 499 F.Supp.2d 291, 297 (E.D.N.Y. 2007).

**REQUEST NO. 29**

**Counts Eight Through Fourteen: Travel Act Violations – Third Element: Activity**

The third element of a violation of the Travel Act is that at some time after the travel or use of a facility in interstate or foreign commerce, the defendant performed or attempted to perform one or more acts in furtherance of the unlawful activity.  This subsequent act need not itself be unlawful.  However, this act must come after the use of the facility.  Any act that happened before the use of a facility cannot satisfy this element.

> Adapted from the charge of the Honorable Edward Weinfeld in United States v. Marquez, 449 F.2d 89, 92 (2d Cir. 1971) (quoting charge), and from the charge of the Honorable Kenneth Conboy in United States v. Ruggiero, 92 Cr. 811 (KC) (S.D.N.Y. 1993), and from Sand et al., Modern Federal Jury Instructions, Instr. 60-12.

## REQUEST NO. 30

## Aiding and Abetting

Each of the counts charged in the Indictment also charges the defendant with violating 18 U.S.C. § 2, the "aiding and abetting" statute.  That is, the defendant is charged not only as a principal who committed the crime, but also as an aider and abettor and with having willfully caused the crime. As a result, under 18 U.S.C. § 2, there are two additional ways that the Government may establish a defendant's guilt on the counts charged in the Indictment.  One way is called "aiding and abetting," and the other is called "willfully causing a crime." Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute. That section reads, in part, as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty. Thus, even if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find a defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

56

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

> -- Did he participate in the crime charged as something he wished to bring about?
>
> -- Did he associate himself with the criminal venture knowingly and wilfully?

-- Did he seek by his actions to make the criminal

venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If

he did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor

of that offense.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instrs. 11-1 and 11-2, and from the charge approved in <u>United States</u> v. <u>Stanchich</u>, 550 F.2d 1294 (2d Cir. 1977). <u>See</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); <u>United States</u> v. <u>Clemente</u>, 640 F.2d 1069 (2d Cir.) (same), <u>cert. denied</u>, 454 U.S. 820 (1981).

## REQUEST NO. 31

## Willfully Causing a Crime

The second way in which the Government can prove a defendant's guilt under 18 U.S.C.

§ 2 on each count of the Indictment is through a finding beyond a reasonable doubt that the

defendant willfully caused a crime. Section 2(b) of the aiding and abetting statute, which relates

to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if
> directly performed by him or another would be an offense
> against the United States [shall be guilty of a federal
> crime].

What does the term "willfully caused" mean? It means that the defendant himself need

not have physically committed the crime or supervised or participated in the actual criminal

conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following

questions:

First, did the defendant take some action without which the crime would not have

occurred?

Second, did the defendant intend that the crime would be actually committed by others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions

is "yes" then the defendant is guilty of the crime charged just as if the defendant himself had

actually committed it.

> Adapted from Sand, et al., Modern Federal Jury
> Instructions, Instr. 11-3. See United States v. Concepcion,
> 983 F.2d 369, 383-84 (2d Cir. 1992); United States v.
> Sliker, 751 F.2d 477, 494 (2d Cir. 1984); United States v.
> Margiotta, 688 F.2d 108 (2d Cir. 1982); United States v.
> Gleason, 616 F.2d 2 (2d Cir. 1979); United States v.
> Kelner, 534 F.2d 1020, 1022-23 (2d Cir. 1976).

## REQUEST NO. 32

## Venue

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, Westchester, as well as several other counties, so anything that occurs in Manhattan occurs in the Southern District of New York.

It is sufficient to satisfy the venue requirement if any act by anyone in furtherance of the crime charged occurred within the Southern District of New York. To satisfy this venue requirement only, the Government need not meet the burden of proof beyond a reasonable doubt. It need not meet that standard on the venue requirement and the venue requirement only. The Government meets its burden of proof if it establishes by a preponderance of the evidence -- simply tips the scale in its favor -- that an act in furtherance of the crime occurred within the Southern District of New York. A preponderance of the evidence means that something is more likely than not.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 3-11.; the charge of the Honorable William H. Pauley, III in United States v. Rahman, 09 Cr. 442 (WHP) (S.D.N.Y. 2009); the charge of the Honorable Michael B. Mukasey in United States v. Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), Tr. at 439; and the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard).

## REQUEST NO. 33

### Non-Prosecution Agreements

### *(If applicable)*

You have heard testimony from Government witnesses who testified pursuant to agreements with the Government that, that in exchange for their truthful testimony, the Government promised them that they will not be prosecuted for any crimes that they may have committed.

The Government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom such promises are given. The fact that the Government has agreed not to prosecute a witness does not disqualify him or her from testifying and does not preclude you from accepting that testimony as true.

In evaluating the testimony of a witness who has a non-prosecution agreement you should ask yourselves whether he or she would benefit more by lying or by telling the truth. Was the testimony made up in any way because the witness believed or hoped that he or she would somehow receive favorable treatment by testifying falsely, or did the witness believe that his or her interest would best be served by testifying truthfully?

If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to lie, or was it one that would cause him or her to tell the truth? Did this motivation color the witness's testimony? If you find that the testimony was false, you should reject it. However, if, after a caution and careful examination of the witness' testimony and demeanor upon the witness stand you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As I have previously instructed you, the issue of credibility need not be decided in an all or nothing fashion. Credibility is a determination entirely for you, the jury.

**REQUEST NO. 34**

**Law Enforcement and Government Employee Witnesses**

You have heard testimony from law enforcement officials and employees of the Government. The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

**REQUEST NO. 35**

**Character Testimony**

**[If Applicable]**

You have heard testimony that the defendant has a good reputation for [to be completed as appropriate].

Along with all the other evidence you have heard, you may take into consideration what you believe about a defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

> Adapted from the charge in <u>United States</u> v. <u>Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

**REQUEST NO. 36**

**Defendant's Testimony**

**[Requested only if the defendant testifies]**

[The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:]

The defendant testified at trial and was subject to cross-examination. You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.

See United States v. Gaines, 457 F.3d 238, 249 (2d Cir. 2006).

## REQUEST NO. 37

## Defendant's Right Not to Testify

## [If requested by defense.]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

**REQUEST NO. 38**

**Statements of the Defendant**

There has been evidence that the defendant made certain statements in which the Government claims he made admissions or denials relevant to the charges in the Indictment.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated, and the Government's use of this evidence is entirely lawful.

> Adapted from the charge of the Honorable Richard M. Berman in United States v. Brunson, 05 Cr. 109 (RMB) (S.D.N.Y. 2005); and the charge of the Honorable Lewis A. Kaplan in United States v. Ernest Roberts, 03 Cr. 1369 (LAK) (S.D.N.Y. 2004).

## REQUEST NO. 39

### Uncalled Witnesses -- Equally Available to Both Sides

There are people whose names you heard during the course of the trial but did not appear to testify. [If applicable: One or more of the attorneys has referred to their absence from the trial.] I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

# REQUEST NO. 40

## Particular Investigative Techniques Not Required

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

69

## REQUEST NO. 41

### Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

## REQUEST NO. 42

### Variance in Dates and Amounts

It does not matter if a specific transaction is alleged to have occurred on or about a certain date or that it involved a specific number of shares or amount of money but the testimony indicates that in fact it was a different date or amount. The law only requires a substantial similarity between the dates and amounts alleged in the Indictment and the dates and amounts established by the testimony or other evidence. The same goes for most of the other factual contentions in the Indictment.

Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 3-12.

## REQUEST NO. 43

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adopted from the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Abdul Latif Abdul Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

## REQUEST NO. 44

## Charts and Summaries -- Not Admitted As Evidence

## [If Applicable]

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence. At the time they were shown to you, I have noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from the charge of the Hon. Richard J. Sullivan
> in United States v. Peirce, 06 Cr. 1032 (S.D.N.Y. 2008),
> **and Sand, Modern Federal Jury Instructions, Instr. 5-13.**

**REQUEST NO. 45**

**Charts and Summaries -- Admitted as Evidence**

**[If Applicable]**

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-12.
<u>See also</u> Fed. R. Evid. 1006.

## REQUEST NO. 46

### Use of Audio Recordings and Transcripts

Audio recordings have been admitted into evidence in this case. This evidence was lawfully obtained, and properly admitted in this case. Whether you approve or disapprove of the recording of these conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

To help your listening, transcripts have also been prepared. However, the transcripts were not admitted into evidence; only the audio recordings were. You are not to regard the transcripts as anything more than as an aid to you. It is what you hear on the recordings that controls. Nonetheless, if you wish to view the transcripts, they will be made available to you during your deliberations.

> Adapted from the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992). <u>See also</u> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-9, 5-10.

## REQUEST NO. 47

### Stipulations

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, et al., Modern Federal Jury Instructions, Instrs. 5-6 & 5-7.

## CONCLUSION

Members of the jury, that about concludes my instructions to you. You are about to go into the jury room to begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them. If you want any of the testimony read or any of the tapes played again, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that from the Court. If there is any doubt or question about the meaning of any part of this charge, you should send me a note asking for clarification or for a further explanation. Your requests for exhibits or testimony -- in fact any communications with the Court -- should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Many of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about any defendant's race, religion, national origin, sex, or age. The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the basis of the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous. It is your duty, as jurors, however, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

You should by your own vote select one of you to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

We have prepared a verdict form for you to use in recording your decisions. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in. If you are divided, do not report how the vote stands.

I will stress again that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Dated:  April 7, 2014
        New York, New York

                                  Respectfully submitted,

                                  PREET BHARARA
                                  United States Attorney

By:     _____/s/_____
                                    Jason H. Cowley/ Parvin Moyne
                                    Assistant United States Attorneys
                                    Tel: (212) 637-2479/2484
                                    Fax: (212) 637-0086
                                    Saima Ahmed
                                    Special Assistant United States Attorney

## Certificate of Service Filed Electronically

The undersigned attorney, duly authorized to represent the United States before this Court, hereby certifies that on the below date, he served or caused to be served the following documents in the manner indicated:

### Government's Requests to Charge

Service via Clerk's Notice of Electronic Filing upon opposing counsel in this matter, who is a Filing User in this case:


Dated: April 7, 2014
New York, New York


Respectfully submitted,


       /s/
Jason H. Cowley
Assistant United States Attorney

81