LAW OFFICES OF
# SCOTT B. TULMAN & ASSOCIATES, PLLC

369 LEXINGTON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10017
(212) 867-3600
TELECOPIER: (212) 867-1914

WWW.TULMANLAW.COM

July 14, 2014

<u>Via Email</u>

Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    <u>United States v. James Tagliaferri</u>
              13 Cr 115 (RA)

Dear Judge Abrams:

    Defendant respectfully submits this letter with regard to the issues raised during charging conference held on July 11, 2014.

    It is well settled that a "district court must tailor its instructions to the facts of the case before it." <u>United States v. Regan</u>, 937 F.2d 823, 828 (2d Cir.1991). At bar, the indictment alleges, and the Government has argued, that in exchange for money or in order to help third parties other than the client whose funds were being invested, the defendant engaged in a scheme to defraud and made investments that were not in the best interests of his clients.

    The gravamen of the Government's case is that the Defendant's intention was not only to deceive his clients by failing to disclose information to them, but to then take actions that he believed not to be in their best interests, that is to harm them by being disloyal to them even if he believed that the investment might ultimately work out for them. Given this theory of the case as clearly expressed in the indictment, the Defense position is that the contemplation of actual harm or injury at the time of the particular investment decision is required for criminal culpability in this case. Thus, the contemplation of actual harm or injury language from the mail and wire fraud cases is appropriate here. Should the Court disagree with this, we make the following proposals.

### Securities Fraud

We respectfully request that the Court charge the jury on the issue of intent using the instruction upheld by the Second Circuit in United States v. Schlisser, 168 F.App's 483, 486 (2d Cir., 2006), i.e. "[i]ntent to defraud means to act knowingly and with the intent to deceive, ordinarily, but not necessarily for the purpose of causing some loss to another or to bring about some gain to oneself."

### Investment Adviser Fraud

We respectfully request that the Court charge the jury on the issue of intent using the instruction upheld by the Second Circuit in United States v. Schlisser, 168 F.App's 483, 486 (2d Cir., 2006), i.e. "[i]ntent to defraud means to act knowingly and with the intent to deceive, ordinarily, but not necessarily for the purpose of causing some loss to another or to bring about some gain to oneself."

### Right to Control Theory

We join the Government's proposal as to the "right to control" instruction, as set forth in its letter to the Court dated July 13, 2014.

### Good Faith Instruction

As to the Good Faith instruction, we submit that Tagliaferri is entitled to an instruction at the end of the good faith instruction, that his belief that ultimately everything would work out in the end does "not necessarily constitute good faith unless you find that at the time of the fraudulent actions or false representations, the defendant did not contemplate any immediate harm or injury to his clients resulting from his actions.

Respectfully submitted,

Scott B. Tulman

SBT:ss

cc: AUSA Jason Cowley, Parvin Moyne, Special AUSA Saima Ahmed