LAW OFFICES OF
# SCOTT B. TULMAN & ASSOCIATES, PLLC

SCOTT B. TULMAN

SUSAN G. PAPANO

CAROLYN L. ATTARDI*

*ADMITTED TO PRACTICE IN N.Y. & CT.

369 LEXINGTON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10017
(212) 867-3600
FAX: (212) 867-1914

WWW.TULMANLAW.COM

MADISON TOWER
148 MADISON STREET
NEW YORK, NEW YORK 10002
(212) 406-4776
TELECOPIER: (212) 406-2726

14 MAMARONECK AVENUE
WHITE PLAINS, NEW YORK 10601
(914) 861-2167

Via Email:
abrams_nysdchambers@nysd.uscourts.gov

July 15, 2014

Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>United States v. James Tagliaferri</u>
           13 Cr. 115 (RA)

Dear Judge Abrams:

    Defendant James Tagliaferri requests the attached instructions based upon the evidence adduced at trial.

Respectfully submitted,

Scott B. Tulman

SBT:as
Enclosures

## DEFENDANT'S REQUEST NO. 1

### False Exculpatory Statements

The Government bears the burden of proving Mr. Tagliaferri's knowing participation in the crimes with which he was charged. The making of false statements in an attempt to extricate himself from suspicious circumstances without more is insufficient proof on which to convict.

*Authorities*:

United States v. Johnson, 513 F.2d 819 ("falsehoods told by a defendant in the hope of extricating himself from suspicious circumstances are insufficient proof on which to convict where other evidence is weak").

2

# DEFENDANT'S REQUEST NO. 2

## Theory of the Defense

It is Mr. Tagliaferri's defense that he had a good faith belief, at the time he made his investment decisions on behalf of his clients, that all of the companies and securities in which he invested on behalf of clients were appropriate and in the best interests of his clients.

Mr. Tagliaferri had a good faith belief, at the time he made his investment decisions, that the securities he invested in on behalf of his clients were appropriate for their portfolios.

Mr. Tagliaferri had a good faith belief, at the time he made this investment decision, that the companies whose securities he was investing in on behalf of his clients were appropriate companies in which to invest.

*Authorities*:

United States v. Dover, 916 F.2d 41, 47 (2d Cir. 1990) (a defendant "is entitled to instructions relating to his theory of defense, for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court").

United States v. Durham, 825 F.2d 716, 718-19 (2d Cir. 1987) ("we stated that 'it is well established that ' [a] criminal defendant is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible, that evidence may be.'") (citations omitted).

Accord, United States v. Ruiz, 59 F.3d 1151 (11th Cir. 1995); Strauss v. United States, 376 F.2d 416 (5th Cir. 1967). Moreover, in deciding whether such a foundation exists, the Court is obliged to view the evidence in the light most favorable to the accused. United States v. Middletown, 690 F.2d 820, 826 (11th Cir. 1982), cert. denied, 103 S.Ct. 1497 (1983); United States v. Lewis, 592 F.2d 1282, 1286 (5th Cir. 1979).

United States v. Garner, 529 F.2d 962, 970 (6th Cir.), cert. denied, 429 U.S. 850 (1976)("when a theory of defense finds some support in the law, a defendant is entitled to some mention of that theory in the instructions ... [e]ven when the supporting evidence is weak or of doubtful credibility").

5

## DEFENDANT'S REQUEST NO. 3

### Evidence for Limited Purpose

Throughout the trial you have been instructed that certain exhibits have been admitted into evidence for the limited purpose of the affect it had on the reader or to establish that a particular document was prepared or presented, but not to prove the truth of the matters set forth in the exhibit and, therefore, you must consider it only for that limited purpose and not for any other purpose.

*Authorities*:

United States v. Cusack, 229 F.3d 344 (2d Cir. 2000): United States v. Taylor, 464 F.2d 240 (2d Cir. 1972)

## DEFENDANT'S REQUEST NO. 4

### Crime defined by Court and Statute only

In our system, federal crimes are defined only by statues written by Congress interpreted by the Courts. The fact that something may be repugnant to you, or may be something that you think is morally wrong, is quite simply irrelevant to your deliberations. Statutes as interpreted by the Courts define crimes and the elements that the Government must prove beyond a reasonable doubt. A sense that something wrong or immoral has been done is insufficient to convict anyone of any charge whatsoever. Thus, you may not convict someone simply because you may feel that he did something wrong or improper. You may find someone guilty of a particular charge only if the government has proven each element of that charge beyond a reasonable doubt.

*Authorities*:

Adapted from the charge of Hon. Kevin T. Duffy in United States v. Scherea, 92 Cr 698 (ALL), Tr. At 1967. See also Chiarella v. United States, 445 U.S. 222, 232 (1980) ("not every instance of financial unfairness constitutes fraudulent activity under § 10(b)").