

FCI Satellite Camp - Beckley
P.O. Box 350
Beaver, WV 25813
July 16, 2018

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Via: Pro se Intake Unit

The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
Via fax: (212) 805-4268

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/18
```

Re: United States v. James Tagliaferri (13-Cr-115 (RA)(GWG)
    James Tagliaferri v. United States (17-Cv-3026 (RA)(GWG)

Dear Judge Abrams and Judge Gorenstein:

I am the Defendant-Petitioner, proceeding pro se, in the aforementioned matters. I write respectfully in response to the Government's letter of July 12, 2018 (D.E. 63) in which it requests leave to reply to my letter of July 5, 2018 in order to address certain arguments I asserted therein. I have no objection to this request by the Government. However, alternatively, the Government respectfully asks the Court to strike my July 5th letter from the record. In regard to this request, I strongly object.

My July 5, 2018 letter, as I respectfully noted, is consistent with Rule 7, Rules Governing Section 2255 Proceedings. Rule 7 explicitly allows the District Court to "expand the record" to include additional materials submitted by the parties. Importantly, as I stated in my Letter of July 5th, Rule 7(c) requires the Court to afford the party against whom additional materials are offered an opportunity to admit or deny their correctness; thus, under the Rules, my replies to the Government's June 25, 2018 submission are "authorized". As the Court is aware, although not previously authorized, the Government's January 2, 2018 application to expand the record was granted "in order to complete the record". My July 5th submission strives to produce precisely the same result, but the Government's duplicitous behavior seeks to deny me the this opportunity.

Further, I refer the Court to my Reply Memo (page 76) in which I offer several legal authorities supportive of expanding the record; for example, Price v. Johnston (334 U.S. 266, 291-92 L. Ed. 1356, 68 S. Ct. 1049) - "to make certain a man is not unjustly imprisoned...it is neither necessary, nor reasonable to deny him all opportunity of obtaining judicial relief"; Harris v. Nelson (394 U.S. 286, 22 L. Ed. 281, 89 S. Ct. 1082 (1969)) - "Where specific allegations before the court show reason to believe that the petitioner may...be able to demonstrate that he...is therefore entitled to relief...it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry"; Raines v. United

States (423 F. 2d 526, 529-30 (4th Cir., 1970)) - "It may instead be perfectly appropriate...for the district court to proceed by requiring that the record be expanded to include letters, documentary evidence and...affidavits".

Legal precedent, coupled with Rule 7(c), Rules Governing Section 2255 Proceedings, strongly suggest the disallowance of my July 5, 2018 letter would be an abuse of discretion.

I thank the Court for its consideration.

Respectfully submitted,
/s/ James Tagliaferri
James Tagliaferri, pro se
Defendant-Petitioner

cc: Jason Cowley, Esq., AUSA