USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/8/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES TAGLIAFERRI,

                    Petitioner,

v.

UNITED STATES OF AMERICA,

                    Respondent.

17 Civ. 3026 (RA)

13 Cr. 115 (RA)

MEMORANDUM OPINION
& ORDER

RONNIE ABRAMS, United States District Judge:

Petitioner James Tagliaferri, proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging his conviction in July 2014 for investment adviser fraud, securities fraud, wire fraud, and violations of the Travel Act. Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation (the "Report") recommending denial of the Petition. *See* Dkt. 65. Five days after his objections to the Report were due, the Court received a letter from Petitioner requesting a two-week extension. Dkt. 66. The Court granted this request, Dkt. 67, and Petitioner submitted his objections within the requisite timeframe, *see* Dkts. 68-69.

The Court assumes the parties' familiarity with the facts, as outlined in detail in the Report. For the following reasons, the Court adopts Judge Gorenstein's thorough and well-reasoned Report in its entirety. The Petition is therefore denied.

## LEGAL STANDARDS

Under 28 U.S.C. § 2255(a), a person convicted in federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The reviewing court may grant relief to a

habeas petitioner "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).

When a magistrate judge has issued a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(1)(C). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12 Civ. 3774 (LAP)(KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (citing 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72(b)(3)). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Id.* (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). "[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Reyes v. Superintendent of Attica Corr. Facility*, No. 11-CV-2479 (RA), 2015 WL 3526093, at *4 (S.D.N.Y. June 2, 2015). "A magistrate judge's decision is clearly erroneous only if the district court is left with the definite and firm conviction that a mistake has been committed." *Stenson v. Heath*, 11-CV-5680 (RJS), 2015 WL 3826596, at *2 (S.D.N.Y. June 19, 2015) (internal quotation marks omitted). "This standard of review must be applied while remaining cognizant of the court's obligation to construe a pro se litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest." *Alfaro v. Capra*, No. 13-CV-5867 (RA)(GWG), 2016 WL 6778798, at *1 (S.D.N.Y. Nov. 14,

2

2016) (internal quotation marks omitted).

## DISCUSSION

Petitioner has submitted fifty-seven objections to the Report. The vast majority of these objections merely reiterate arguments made to Judge Gorenstein, and are thus reviewed for clear error. *See Walker*, 216 F. Supp. 2d at 292. In these objections, Petitioner reasserts that (1) he was ineffectively represented by counsel in violation of the Sixth Amendment, *see* Objections to Report ¶¶ 5-6, 13, 16-24, 24-35, 38-51; (2) the district court impermissibly allowed his attorney to admit his guilt at trial, *id.* ¶ 52; and (3) the district court erred in allowing Tagliafferi to only speak through his attorney, thereby "depriving [him] of [his] Sixth Amendment right of due process, *id.* ¶¶ 53, 57. *See* Petition at 7-51.

In his eighty-page Report, Judge Gorenstein addressed and rejected all three of these arguments. First, Judge Gorenstein analyzed each purported error that Petitioner attributes to his prior counsel, Scott Tulman, and correctly concluded that Tulman's performance was neither objectively unreasonable nor did it prejudice the outcome of his case. *See* Report at 28-74. Second, despite Petitioner's assertions to the contrary, as the Report makes clear, Tulman in no way admitted Petitioner's guilt at trial. *See id.* at 73 ("Although at several points in both his opening and closing, Tulman concedes that Tagliaferri made 'mistakes,'" these "were obviously part of Tulman's strategy to argue that Tagliaferri lacked the knowledge required to be convicted of the crimes for which he was accused."). Finally, the Report addressed, and rightly rejected, Petitioner's argument that the district court erred in restricting Tagliaferri from speaking at trial instead of his counsel. *See id.* at 74-75 (noting that Petitioner had procedurally defaulted on this claim, and, in any event, the district court was well within its discretion to prevent "hybrid

representation" at trial).[1]

The Court thus finds no error—clear or otherwise—in Judge Gorenstein's Report. *See, e.g., Walker v. Vaughan,* 216 F. Supp. 2d at 292. Indeed, even if the Court were to review the Report de novo, its conclusion would be the same, and rest on the same reasoning as that articulated by Judge Gorenstein.

Petitioner further objects that (1) the district court did not "specifically request a Report and Recommendation" from the magistrate court, and the Report must therefore be "rescinded," Objections to Report ¶ 3; (2) Judge Gorenstein erred by not holding an evidentiary hearing, *id.* ¶¶ 15, 54; (3) Judge Gorenstein should have allowed Petitioner to serve additional interrogatories on his former counsel pursuant to 28 U.S.C. § 2246, *id.* ¶¶ 14, 26; and (4) Judge Gorenstein improperly favored the statements of Petitioner's former counsel over his own, thereby demonstrating bias against Tagliaferri, *id.* ¶¶ 16, 25, 55.

These objections also lack merit. First, on November 21, 2017, the Court issued an explicit order referring this habeas petition to Judge Gorenstein. *See* Dkt. 30. Second, given the letters and documentary evidence provided by Petitioner, *see* Dkts. 11, 31, 46, 58, and the affidavit submitted from Tagliaferri's former counsel, *see* Dkt. 57, a live evidentiary hearing in this case was unnecessary. *See, e.g., Chang v. United States,* 250 F.3d 79, 82-86 (2d Cir. 2001) (holding that a live evidentiary hearing was unnecessary in a habeas case where Petitioner alleged ineffective assistance of counsel when his prior attorney provided an affidavit addressing Petitioner's claims).

---

[1] In his objections, Petitioner asks the Court to allow him an "opportunity to amend [his] Section 2255 Motion to include an ineffective assistance claim" on the issue of whether his due process rights were violated when the Court instructed him to speak through his attorney. Objections to Report ¶ 53. As described above, Petitioner's arguments on this point were considered and rejected by Judge Gorenstein, however, *see* Report at 74-75, and Tagliaferri has provided no new information in his objections with respect to this proposed claim.

Third, Judge Gorenstein allowed Petitioner to submit fourteen interrogatories to Tulman, and a declaration in response to these interrogatories. *See* Dkts. 47 (Petitioner's Second Set of Interrogatories), 58 (Tagliaferri Declaration in Response to Tulman's Answers). Petitioner replies that Judge Gorenstein erred in quashing his original submissions and improperly revised his second set of interrogatories. *See* Objections to Report ¶ 14. As Judge Gorenstein explained, however, Petitioner's original submissions were not interrogatories, as permitted under 28 U.S.C. § 2246, but broad discovery requests. *See* Dkt. 32 at 4-7 (Petitioner's First Set of Interrogatories) (asking Tulman to identify "any and all communications" with respect to various aspects of Petitioner's case); Dkt. 44 (February 26, 2018 Gorenstein Order). As for Petitioner's second round of interrogatories, as Judge Gorenstein pointed out, many of these consisted of further discovery requests, sought to obtain information already in the record, required Tulman to engage in speculation, or were argumentative. *See* Dkts. 46 (Petitioner's Second Set of Interrogatories), 47 at 1 (March 14, 2018 Gorenstein Order). Moreover, of those proposed interrogatories which constituted legitimate inquiries, Judge Gorenstein kept the wording and substance of Petitioner's questions intact. *See* Dkt. 47 at 1-3.

Fourth, Judge Gorenstein had good reason to find his former counsel's statements more credible than those of Petitioner's in light of Tagliaferri's history of misrepresentations throughout this case. *See* Sentencing Transcript, *United States v. Tagliaferri*, No. 13 Cr. 115 (S.D.N.Y. Feb. 13, 2015), Dkt. 140, 48:9-23 (imposing a two-level enhancement for obstruction of justice based on numerous examples of Petitioner lying under oath, including his testimony that he disclosed fees to a client that was directly contradicted by an email in the record); Report at 20-21 (citing to records supplied by the government disproving Tagliaferri's explicit representation that he was traveling to the Virgin Islands on May 7, 2013 and therefore could not have met with Tulman in

5

Connecticut that day despite Tulman's statement that they met then). Finally, despite Petitioner's conclusory assertion to the contrary, he has not demonstrated how Judge Gorenstein exhibited any bias against him; rather, as already noted, in the Report, Judge Gorenstein carefully, and impartially, evaluated all of Petitioner's arguments, and the Court agrees both with his reasoning and conclusions.[2]

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety. Accordingly, the petition for a writ of habeas corpus is denied, and the action is dismissed with prejudice. As the Petition makes no substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 8, 2019
New York, New York

Ronnie Abrams
United States District Judge

---

[2] Petitioner also objects to certain factual findings in the Report. *See*, for example, Objections to Report ¶ 6 (contending that Judge Gorenstein's statement that "custodians utilized by TAG VI clients were generally chosen by TAG VI" was incorrect because "each client was responsible for custodial arrangements related [to] their account"); ¶ 12 (stating that, in the Report, Judge Gorenstein mistakenly referred to one individual as an employee rather than as an agent of TAG VI). Petitioner offers no explanation, however, as to how correcting any of these alleged inaccuracies would affect any of the conclusions reached in the Report or the outcome of his case.

Lastly, the Court rejects Petitioner's challenge to some of the evidence introduced by the government at trial, *see id.* ¶¶ 7-8, 10-11, 29, 31, 41, as a motion "under § 2255 is not a substitute for direct appeal." *Sapia v. United States*, 433 F. 3d 212, 217 (2d Cir. 2005).

6